NATIONWIDE INS. CO., APPELLANT, *v.* THE NEW YORK, CHICAGO & ST. LOUIS RD. CO., APPELLEE.

[Cite as Nationwide Ins. Co. v. N. Y., C. & St. L. Rd. Co., 4 Ohio App. 2d 167.]

(No. 570—Decided November 10, 1965.)

*Mr. Harry A. Sargeant, Jr.,* for appellant.
*Messrs. Robison, Curphey & O'Connell, Mr. Daniel M. Phillips* and *Mr. Leo W. Kenny,* for appellee.

BROWN, J. On December 21, 1964, the plaintiff, appellant herein, filed a petition on a tort claim which arose December 22, 1962, against the defendant, appellee herein, The New York, Chicago & St. Louis Railroad Company, and on that date, pursuant to a praecipe, summons was issued to the Sheriff of Sandusky County for service on this defendant corporation. The return on the summons dated December 24, 1964, shows service on "the regular freight agent of said railroad company at its Fremont, Ohio, address."

On January 21, 1965, the defendant corporation by special appearance moved for an order setting aside service of summons by reason of a written plan and joint agreement of merger, commonly known as a merger agreement, which was properly filed as an exhibit with this motion. The motion of the defend-

ant was granted, and a final judgment entered dismissing the petition of the plaintiff, from which final order this appeal has been taken.

The merger agreement dated March 1, 1961, provided that the defendant, the New York, Chicago & St. Louis Railroad Company, as a constituent corporation, was merged with the Norfolk & Western Railway Company, the resulting corporation, and the effective merger date was October 16, 1964, and this was more than two months before the petition was filed by plaintiff and this action commenced. The New York, Chicago & St. Louis Railroad Company was incorporated under the laws of New York, Pennsylvania, Ohio, Indiana and Illinois, and therefore qualified as a domestic corporation; and the Norfolk & Western Railway Company was incorporated under the laws of Virginia, and was consequently a foreign corporation. In the merger agreement the New York, Chicago & St. Louis Railroad Company is sometimes called the Nickel Plate.

The merger agreement contains the following language:

"* * * The separate corporate existence of Nickel Plate shall cease upon the merger date, and thereupon the constituent corporations shall become a single corporation, to wit, Norfolk, which shall survive such merger, and continue its corporate existence exclusively under, and continue to be governed by, the laws of the Commonwealth of Virginia. * * *"

"* * * any claim existing or action or proceeding pending by or against either of the constituent corporations may be prosecuted as if such merger had not taken place, or the surviving corporation may be substituted in its place; * * *"

The applicable portion of the General Corporation Law concerning claims and legal actions against corporations affected by merger is Section 1701.81 (A) (1) and (6), Revised Code:

"(A) When such merger or consolidation becomes effective:

"(1) The separate existence of all the constituent corporations, except the surviving or new corporation, shall cease, * * * "* * *

"(6) * * * and any claim existing or action or proceeding pending by or against any of the constituent corporations may be prosecuted to judgment, with right of appeal as in other

cases, as if such merger or consolidation had not taken place, or the surviving or new corporation may be substituted in its place;"

This is a case of first impression in Ohio. Applying the ordinary meaning to the words quoted from the above statute, Section 1701.81 (A) (6), Revised Code, and to the merger agreement adopting the same language, a claimant may commence a legal action against a constituent corporation after the merger date of a constituent corporation with a resulting corporation, even though the merger agreement and merger statutes provide that the constituent corporation shall cease to exist upon the merger date, where the claim against the constituent corporation existed prior to the merger date. The merger date is considered as the date the merger or consolidation becomes effective, whereupon the constituent corporation ceases its existence as a separate legal entity as provided in Section 1701.81 (A) (1). By reason of Section 1701.81 (A) (6) the plaintiff was entitled to commence its legal action on December 21, 1964, against the defendant, New York, Chicago & St. Louis Railroad Company, a constituent corporation, as was done in the instant case.

It has been contended by the defendant that *State, ex rel. Safeguard Ins. Co.,* v. *Vorys, Supt.,* 171 Ohio St. 109, holds or implies that a legal action cannot be commenced against a constituent corporation after the merger date. The *Vorys case* did not hold that a legal action could not be commenced against a constituent corporation after the merger date, and the *Vorys case* is not applicable for these reasons: (1) It did not involve a legal action for or against a constituent corporation or a resulting corporation; (2) it did not attempt to apply or interpret Section 1701.81 (A) (1) or (A) (6) of the merger statute insofar as the legal question in this case is concerned; and (3) the cause of action alleged in the petition arose as a result of the corporate merger, and the relator claimed by reason of the merger a return of certain pledged assets held as security for the benefit of relator by the Superintendent of Insurance, a cause of action that could not exist before the merger date, and arose only by reason of the merger becoming effective.

That legal actions were intended by the Legislature, in prescribed instances, to be commenced against constituent corpora-

tions after the effective date of the merger of a constituent corporation is evidenced by the statutory provisions for service of process on constituent and resulting corporations. Such service of process is not limited to actions commenced before the merger date according to provisions in Section 1701.78 (A) and (B) (9) and Section 1701.82 (A) and (B) (3) (b) (c), Revised Code. The foregoing conclusion is in harmony with the legislative intent, expressed in the General Corporation Law, to save pending rights against consolidating and merging corporations, and such rights cannot be nullified by the sale of the assets of a merged corporation to another corporation. *Cooper* v. *Central Alloy Steel Corp.*, 43 Ohio App. 455, paragraph one of the syllabus thereof. The same reasoning prevailing in the *Cooper* case compels a similar conclusion that the rights against a constituent corporation cannot be nullified by its merger with a resulting corporation. To conclude otherwise would be the creation of a right without providing an accompanying remedy.

Despite a consolidation or merger, creditors may still maintain a legal action against the constituent corporation when the statutes continue the existence of the constituent corporation for the purpose of preserving the rights of creditors, or for the purpose of suit against it by creditors or others in whose favor a liability against it exists. 19 Corpus Juris Secundum 1396, Section 1630 (d). Section 1701.81 (A) (6), Revised Code, extends this rule to include "any claim existing," and, therefore, applies to a claim *ex contractu* or *ex delicto*. 19 Corpus Juris Secundum 1392, Section 1630 (a).

It follows that the judgment in this case setting aside the service of summons on the constituent corporation, New York, Chicago & St. Louis Railroad Company, and dismissing the petition of plaintiff, must be reversed and this case remanded to the Common Pleas Court for further proceedings according to law.

*Judgment reversed.*

Smith, P. J., and Straub, J., concur.